UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                  Case No. 2:05-cr-128-FTM-29SPC

CHRISTOPHER SANTISTEBAN

_____

### OPINION AND ORDER

This matter is before the Court on defendant's *pro se* Motion
Under Title 18 U.S.C. § 3582(c)(2) and Sentencing Guidelines
1B1.10(c) for Reduction of Sentence Based on 2007 Guideline
Amendment Nine Which Became Effective on November 1, 2007, and
Caused a Two-Level Reduction in Base Offense Level for Cocaine Base
(Doc. #33), filed on March 7, 2008.  Defendant seeks a reduction in
his sentence in light of Amendment 706 to the United States
Sentencing Guidelines, which reduces the base offense level for
cocaine base offenses by two levels.

Title 18 U.S.C. § 3582(c) gives the Court discretionary
authority to reduce the term of imprisonment portion of a
defendant's sentence under certain circumstances.  Section
3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once
> it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to
> a term of imprisonment based on a sentencing range that
> has subsequently been lowered by the Sentencing
> Commission pursuant to 28 U.S.C. 994(o), upon motion of
> the defendant or the Director of the Bureau of Prisons,
> or on its own motion, the court may reduce the term of
> imprisonment, after considering the factors set forth in
> section 3553(a) to the extent that they are applicable,
> if such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10. A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). In this case defendant is not eligible for a sentence reduction because the

_____

[1]United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

2

application of Amendment 706 does not have the effect of lowering his applicable guideline range and because Amendment 706 does not allow a sentence below the statutory mandatory minimum.

At the original sentence, defendant was held accountable for cocaine base, cocaine, marijuana, and Percocet pills.  When the cocaine and marijuana were converted into marijuana equivalents, they had no impact on the base offense level calculation.  The Base Offense Level for the 14.2 grams of cocaine base was Base Offense Level 26.  After a reduction for acceptance of responsibility, the Total Offense Level was 23.  The resulting Sentencing Guideline range was 60 (the statutory mandatory minimum) to 71 months.  Defendant was sentenced to 60 months imprisonment, the statutory mandatory minimum.

Applying Amendment 706, the Court determines that defendant's Base Offense Level remains at 26 and the Total Offense Level remains at 23.  Because both cocaine base and other controlled substances were involved in the offense of conviction, the Court follows the following five steps outlined in U.S.S.G. § 2D1.1 cmt. n.10(D)(i): (1) Determine the base offense level for the quantity of cocaine base involved in the offense, U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(I); (2) determine the marijuana equivalency for the cocaine base by reference to the table in U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(II); (3) covert the quantity of cocaine base involved in the offense to its equivalent quantity of marijuana, U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(II); (4) determine the combined marijuana

equivalency for the other controlled substance(s) involved in the offense, U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(III); and (5) add the quantity of marijuana determined for all controlled substances and look up the total in the Drug Quantity Table to obtain the combined base offense level for all the controlled substances involved in the offense.  U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(IV).

There were 14.2 grams of cocaine base involved in this offense, which now has a Base Offense Level of 24.  The marijuana equivalency for cocaine base at a Base Offense Level of 24 is 16 kilograms of marijuana per gram of cocaine base.  U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(II).  This results in a marijuana equivalent of 227.2 kilograms for the 14.2 grams of cocaine base.  The marijuana equivalency for cocaine is 200 grams of marijuana per gram of cocaine.  U.S.S.G. § 2D1.1 cmt. n.10(E).  There were 108 grams of cocaine, which results in a marijuana equivalent of 21.6 kilograms. Adding the marijuana equivalents for the cocaine base and the cocaine in this case results in a total marijuana equivalent of 248.8 kilograms.  Under U.S.S.G. § 2D1.1(c)(4), at least 100 kilograms of marijuana but less than 400 kilograms of marijuana results in the Base Offense Level of 26.  Since the Base Offense Level is not affected by the application of the amendment, a reduction cannot be made pursuant to Amendment 706.

Additionally, the Sentencing Guidelines do not allow a sentence below the statutory mandatory minimum, U.S.S.G. § 5G1.1(c)(2), and this was not changed by Amendment 706.  Since

4

defendant was sentenced to the 60 month mandatory minimum, his sentence cannot be reduced pursuant to Amendment 706.

Because defendant is proceeding *pro se*, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991).  The Court must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure.  United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003).  The Court finds no other basis for jurisdiction to modify or reduce the sentence.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant Christopher Santisteban's *pro se* Motion Under Title 18 U.S.C. § 3582(c)(2) and Sentencing Guidelines 1B1.10(c) for Reduction of Sentence Based on 2007 Guideline Amendment Nine Which Became Effective on November 1, 2007, and Caused a Two-Level Reduction in Base Offense Level for Cocaine Base (Doc. #33) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   25th   day of March, 2008.

JOHN E. STEELE
United States District Judge

5

Copies:
AUSA Molloy
Christopher Santisteban
U.S. Probation
U.S. Marshal