UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                               Case No. 2:05-cr-128-FTM-29SPC

CHRISTOPHER SANTISTEBAN
_____

## OPINION AND ORDER

This matter is before the Court *sua sponte* for reconsideration of defendant's *pro se* Motion Under Title 18 U.S.C. § 3582(c)(2) and Sentencing Guidelines 1B1.10(c) for Reduction of Sentence Based on 2007 Guideline Amendment Nine Which Became Effective on November 1, 2007, and Caused a Two-Level Reduction in Base Offense Level for Cocaine Base (Doc. #33), filed on March 7, 2008.  On March 25, 2008, the Court entered an Opinion and Order (Doc. #34) denying the motion because Amendment 706 to the United States Sentencing Guidelines did not affect his Base Offense Level after consideration of the other drugs attributable to defendant, and because of the statutory mandatory minimum sentence.  After that Opinion and Order, the Sentencing Commission promulgated Amendment 713 which impacted Amendment 706 when controlled substances other than cocaine base were also involved.  The Court revisits the case in order to determine if Amendment 713 would change the results for defendant.

At the original sentence, defendant was held accountable for cocaine base, cocaine, marijuana, and Percocet pills.  When the cocaine and marijuana were converted into marijuana equivalents, they had no impact on the base offense level calculation.  The Base

Offense Level for the 14.2 grams of cocaine base was Base Offense Level 26.  After a reduction for acceptance of responsibility, the Total Offense Level was 23.  The resulting Sentencing Guideline range was 60 (the statutory mandatory minimum) to 71 months.  Defendant was sentenced to 60 months imprisonment, the statutory mandatory minimum.

Applying Amendment 713 would change the Total Offense Level to 21.  With a Criminal History Category of III, the new range would be 60 months imprisonment (the statutory mandatory minimum.)  The Sentencing Guidelines do not allow a sentence below the statutory mandatory minimum, U.S.S.G. § 5G1.1(c)(2), and this was not changed by Amendment 706 or Amendment 713.  Since defendant was sentenced to the 60 month mandatory minimum, his sentence cannot be reduced pursuant to Amendment 706 or Amendment 713.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

After reconsideration of defendant Christopher Santisteban's *pro se* Motion Under Title 18 U.S.C. § 3582(c)(2) and Sentencing Guidelines 1B1.10(c) for Reduction of Sentence Based on 2007 Guideline Amendment Nine Which Became Effective on November 1, 2007, and Caused a Two-Level Reduction in Base Offense Level for Cocaine Base (Doc. #33), the Court determines that the motion is still due to be **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of July, 2008.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies:
AUSA Molloy
Christopher Santisteban
U.S. Probation
U.S. Marshal